**STATE, ex rel. DeBOE, Plaintiff-Relator, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4880. Decided June 1, 1953.

Gilbert Weil, Cleveland, John C. Durfey, Columbus, for plaintiff-relator.

318

Hon. C. William O'Neill, Atty. Genl., Chalmers P. Wylie, James F. DeLeone, Asst. Attys. Genl., Columbus, for defendant-respondent.

**OPINION**

By MILLER, J.

This is an original action in mandamus wherein the relator is seeking an order requiring the Industrial Commission of Ohio to enter an order granting his application for additional compensation for the violation of a specific safety requirement regulation issued by the Commission.

The record discloses that Norman DeBoe, the relator herein, was employed as a carpenter by the Albert H. Higley Company, an employer of labor amenable to the Workmen's Compensation Law; that while so engaged he was required to work from a scaffold platform consisting of two planks of the dimensions required by Bulletin 202, Section 177, paragraph 4; that these planks were not placed close together as required by Section 164 of said Bulletin, but were approximately 18 to 24 inches apart; that on August 25, 1948, while working on said platform he stooped over to pick up a saw, lost his balance and fell to the floor causing the injuries set forth in the application. An application for compensation was filed with the respondent, jurisdiction of the claim was assumed and compensation and medical expenses were paid as provided by law. The accident was described on the application for compensation as—"Working on scaffold 6½ feet high, bent to pick up saw, lost balance, stepped on defective, cracked plank in scaffold to regain balance, but the plank broke, causing the fall to concrete below."

On July 24, 1950, relator filed an application for an additional award for violation of a specific requirement in which he alleged that "while I was working on a single plank scaffold I lost my balance as I reached for my saw. In an effort to regain my balance I stepped on a plank that was lying on the scafforld which was to be used as a kicker on the form. The kicker plank broke under my weight and I fell. I had previously asked the laborer to remove this kicker plank because it was in bad condition."

The specific requirement alleged to have been violated is paragraph (4) of Section 177, Bulletin No. 202, issued by the Industrial Commission and The Department of Industrial Relations, entitled "Specific Safety Requirements Relating to Building and Construction Work," which provides:

"The minimum width of carpenters', painters', decorators' and miscellaneous platforms shall be two, 2 x 10 inch planks."

Hearing was had on this application on June 18, 1951, at which time a finding was made by the respondent denying the relator an additional award and a copy of the order was mailed to him as of June 25, 1951.

On October 15, 1951, the relator filed a motion with the respondent asking it to reconsider its order of June 25, 1951, and also, for the first time, alleging that in addition to the violation previously complained of, the employer had violated Section 164 of said Bulletin No. 202.

Respondent denied this motion in its order of February 4, 1952, which read as follows:

"That the claimant's motion for rehearing filed on October 15, 1951, be denied for the reason that the same was not filed within the thirty day period prescribed by the Commission's rules."

Relator on February 21, 1952, again moved the respondent to rehear the claim and on March 24, 1952, respondent ordered as follows:

"That the claimant's motion for rehearing filed on February 21, 1952, be dismissed for the reason that a similar motion was denied by the Commission on February 4, 1952, and the motion filed on February 21, 1952, does not contain any new or additional facts which have not been previously considered by the Commission."

We are of the opinion that since there was no issue on the fact the boards were laid 18 to 24 inches apart, there was a violation of Section 164 of said Bulletin. However, the question presented is whether this specific violation was seasonably filed in accordance with the rules of the Industrial Commission. The record reveals that the application for an additional award for the violation of a specific regulation was filed on July 24, 1950. It alleged only a violation of Section 177. Bulletin No. 202, no mention being made of Section 164. The application was denied on June 25, 1951. A motion for reconsideration was filed on October 15, 1951, and for the first time a complaint was made that Section 164 of Bulletin No. 202 had also been violated. It will be noted the application for reconsideration was filed beyond the thirty day period in which an application for reconsideration may be filed. Rule 4 of the Rules Governing Procedure in Claims for Additional Award on Account of Violation of Specific Requirement promulgated by the Industrial Commission provides:

"A motion for rehearing of the application for additional award may be filed by either party within thirty days from the date of receipt of the order and finding of the Commission complained of, provided there is filed with such motion for a rehearing, all new and additional proof not previously considered by the Commission and relied upon by the applicant in support of his motion for a rehearing. * * *"

Under the rule making powers of the Industrial Commission set forth in §1465-44 GC, such a rule has the same force and effect as a law of the State. **Kildow v. Industrial Commission, 128 Oh St 573.** Since the claimant failed to perfect his remedy within the time provided for under the aforesaid rule, the order of the respondent entered on June 25, 1951, became final at the termination of the thirty day period and the respondent was divested of jurisdiction to consider the violation of Section 164, as set forth in the motion for reconsideration which was filed on October 15, 1951.

Counsel for the plaintiff urges that since the referee for the Commission in his opinion stated that the platform was properly laid and

that there was no requirement that the planks be laid in a juxtaposition, that Section 164 was given consideration. Even though this statement was made it was obiter and did not eliminate the necessity of setting up the claim of a special violation.

It should be further pointed out also that this was the first time the respondent was put on notice that the relator was alleging a violation of Section 164. Rule 1 of the rules governing procedure in claims for additional award on account of violation of a specific requirement promulgated by the respondent provides:

"An application for additional award of compensation based upon the claim that the injury, occupational disease or death resulted because of the failure of the employer to comply with a specific requirement for the protection of the health, lives or safety of employees, must be filed within two years after the date of such injury, occupational disease or death, in duplicate, on forms prescribed by the Industrial Commission, setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable."

This rule, therefore, operates as a statute of limitation and the relator having failed to put the respondent on notice as to any violation of Section 164 of Bulletin 202 within two years, is forever barred from asserting such violation. The amendment to the original application for additional compensation was properly denied for the reason that it consisted of new matter and more than two years had passed from the date of the original injury to the time of the attempted amendment. See **Bernhardt v. Industrial Commission, 127 Oh St 582; Ferguson v. Industrial Commission, 138 Oh St 529.**

The plaintiff relies upon the case of **Kaiser v. The Industrial Commission, 136 Oh St 440,** in which the Court held that an original application might be amended more than two years after the original injury, to set up a subsequent disability arising from the original accident. In the instant case it was sought not to set up a subsequent disability arising from the original accident but to set up the violation of specific safety regulations not described in the original application, by an amendment filed more than two years after the date of the injury. The facts in the Kaiser case, supra, are not parallel with those of the case at bar.

It is our conclusion that the plaintiff is not entitled to the relief sought and our judgment will be for the defendant.

WISEMAN, PJ, HORNBECK, J, concur.